IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TEXAS TAXI, INC., et al. | § | Case No. 21-60065 |
| | § | |
| Debtors.[1] | § | Jointly Administered |

**DEBTORS' RESPONSE IN OPPOSITION TO
MOTION OF GAIL BROWN, INDEPENDENT EXECUTRIX
OF ESTATE OF JOHN WESLEY BROWN (DECEASED)
FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362**

TO THE HONORABLE CHRISTOPHER M. LOPEZ,
UNITED STATES BANKRUPTCY JUDGE:

Comes now, Greater Houston Transportation Company (*"GHTC"*), as a debtor and debtor in possession in the above described chapter 11 cases jointly administered under Case Number 21-60065 and files this Response to the Motion of Gail Brown, Independent Executrix of the Estate of John Wesley Brown, Deceased (*"Movant"*) for Relief from the Automatic Stay of 11 U.S.C. § 362 (the *"Motion"*) and in support thereof, would respectfully show this Court as follows:

### Order Directing Joint Administration of Chapter 11 Cases

On July 20, 2021, the Court entered an order directing the joint administration of Debtors' chapter 11 cases [ECF 4] (the *"Joint Administration Order"*). The Joint Administration Order directed all pleadings and other documents to be filed in the jointly administered cases to be filed and docketed in the case of Texas Taxi, Inc., Debtor; Case No. 21-60065.

---

[1] The debtors in these cases (the *"Bankruptcy Cases"*), along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Texas Taxi, Inc. (#2786) (*"TTI"*), Fiesta Cab Company (#2084) (*"FCC"*), Greater Austin Transportation Company (#1038) (*"GATC"*), Greater Houston Transportation Company (#1348) (*"GHTC"*), and Greater San Antonio Transportation Company (#9823) (*"GSATC"*)

1

Although Movant filed the Motion in the GHTC chapter 11 proceeding under Case Number 21-60066, GHTC files this response in the case of *Texas Taxi, Inc., Debtor*; Case No. 21-60065 in accordance with the Joint Administration Order.

### Debtors' Response to Motion

1. GHTC admits the allegations in Paragraph 1 of the Motion.

2. GHTC is without sufficient information to either admit or deny the allegations contained in Paragraph 2 of the Motion. Therefore, for pleading purposes, those allegations are denied.

3. GHTC admits the allegations in Paragraph 3 of the Motion.

4. GHTC is without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Motion. Therefore, for pleading purposes, those allegations are denied.

5. GHTC is without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Motion. Therefore, for pleading purposes, those allegations are denied.

6. GHTC is without sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Motion. Therefore, for pleading purposes, those allegations are denied.

7. GHTC admits the allegations contained in Paragraph 7 of the Motion.

8. GHTC is without sufficient information to either admit or deny the allegations contained in the first sentence of Paragraph 8 of the Motion. Therefore, for pleading purposes, those allegations are denied. Further, GHTC admits the remaining allegations contained in

Paragraph 8 of the Motion.

9. GHTC admits the Debtor was self insured with additional overline coverage until the Debtor's insurance policies were cancelled by the insurers.

10. Movant's second numbered Paragraph 9 of the Motion contains no allegations of fact; therefore, no response is necessary. To the extent Movant's second Paragraph 9 may be construed as containing any factual allegations, GHTC denies same.

11. Movant admits the allegations contained in Movant's Paragraph 10.

WHEREFORE, PREMISES CONSIDERED, GHTC prays that this Court relax the Stay pursuant to prior Orders of this Court which provide that (i) Movant is permitted to continue litigation of the State Court Case including, but not limited to, the filing of applicable Motions and seeking applicable discovery and depositions without cost to the Debtors' estate other than as an unsecured claim in the Debtors' bankruptcy case; (ii) should Movant acquire a judgment in the State Court Case, Movant is permitted to then file a proof of claim in the Debtors' bankruptcy cases(s) for that amount as an unsecured claim; (iii) Movant is permitted to proceed in any appeal(s) that may arise from the State Court Case, if applicable; (iv) Movant is permitted to pursue any liability insurance coverage which may attach or be applicable to Debtors and the State Court Case; (v) this Court does not require Debtors to retain or maintain counsel in the State Court Case; and (vi) the stay of order pursuant to Fed. R. Bank. P. 4001(a)(3) is waived as to this Order.

Dated:   November 11, 2021.

        Respectfully submitted,

        FUQUA & ASSOCIATES, PC

BY:   */s/ Richard L. Fuqua*
      Richard L. Fuqua
      State Bar No. 07552300

>8558 Katy Freeway, Suite 119
>Houston, TX 77024
>(713) 960-0277 Telephone
>(713) 960-1064 Facsimile
>RLFuqua@fuqualegal.com
>
>COUNSEL FOR DEBTORS

### CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to confer with Eric Neilsen, Movant's Counsel, by leaving a telephone message for him in a good faith attempt to resolve the dispute which is the subject of the Motion. At this time, a hearing will be necessary.

>/s/ Richard L. Fuqua
>Richard L. Fuqua

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was forwarded by ECF, email and/or first class United States mail, postage prepaid, on November 11th, 2021, to the parties listed below and by ECF to the parties eligible to receive notice through the Court's ECF system:

Eric D. Nielsen
The Nielsen Law Firm
9800 Northwest Freeway, Suite 314
Houston, Texas 77092
Email: service@nielsentriallaw.com

Office of the U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002

>/s/ Richard L. Fuqua
>Richard L. Fuqua

4